**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gregory J. CARSON,**
**Defendant-Appellant.**

**No. 80-7241.**

United States Court of Appeals,
Fifth Circuit.*
Unit B

Feb. 17, 1982.

Mark J. Kadish, Rhonda A. Brofman, Atlanta, Ga., for defendant-appellant.

Howard J. Weintraub, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TUTTLE, TJOFLAT and KROVITCH, Circuit Judges.

TJOFLAT, Circuit Judge:

This appeal raises the novel question whether a district judge may require an offender, as a condition of probation, to make restitution to his victim for losses caused by the offense for which he was convicted, when the debt occasioned by the offense has been discharged in bankruptcy. We hold that he may, and that the sentence imposed in this case was therefore within the discretion of the district judge.

On August 2, 1977, Gregory J. Carson (appellant) presented to an officer of the Fulton National Bank (FNB) an assignment letter bearing the purported signature of

* Former Fifth Circuit Case, Section 9(1) of Public Law 96-452—October 14, 1980.

the treasurer of the Life Insurance Company of Georgia. In fact, Carson had signed the treasurer's name for the purpose of inducing FNB to extend him credit. Relying on the assignment letter, FNB lent appellant $39,000. In March of 1978, FNB discovered the fraud. Carson never repaid the loan. On March 21, 1979, with no objection from FNB, Carson's debt to FNB was discharged in bankruptcy.

On January 21, 1980, Carson was convicted of making a false statement to FNB, a bank insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the bank's action on a loan, in violation of 18 U.S.C. § 1014 (1976). The district court sentenced Carson to a term of two years, with six months to be served in prison and the remainder suspended. The court placed Carson on probation for five years, with the condition that he make restitution to FNB in the amount of its loss as a result of the offense. The authority for this condition was 18 U.S.C. § 3651 (1976), which provides in relevant part:

> While on probation and among the conditions thereof, the defendant—
>
> *     *     *     *     *     *
>
> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had. . . .

Appellant contends that since his debt to FNB had been discharged in bankruptcy, the district court abused its discretion by making restitution a condition of probation. We find this position untenable on its face.[1] Nothing in the language or the evident intent of 18 U.S.C. § 3651 suggests that a prior discharge in bankruptcy limits the sentencing court's discretion.[2]

The effect of the discharge in bankruptcy was to extinguish Carson's liability to FNB on any claim to payment arising out of the 1977 loan. Following the discharge, FNB could have maintained no action for repayment or fraud, and the district court could not properly have ordered Carson to make good his debt *qua* debt.

However, as authorized by the statute, the district court properly conditioned Carson's probation on his restitution to FNB of the amount of its loss as a result of his offense. Discharge or not, Carson cannot maintain that FNB suffered no "actual damages or loss caused by the offense for which conviction was had." FNB's *loss* was not extinguished by Carson's bankruptcy; if anything, it was fixed thereby. Nor does Carson offer any reason to restrict the losses for which restitution is authorized to those for which the aggrieved party retains a right of action.

■ At bottom, Carson argues that to require restitution is unfair in light of FNB's failure to assert its rights in the bankruptcy proceeding. If the principal aim of the probation condition were to make the bank whole, this argument might have some appeal. In fact, though, while recompense to the victim is a usually laudable consequence of restitution, the focus of any probation regimen is on the offender. The order of probation is "an authorized mode of mild and ambulatory punishment . . . intended as a reforming discipline." *Korematsu v. United States*, 319 U.S. 432, 435, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497 (1943), *quoting Cooper v. United States*, 91 F.2d 195, 199 (5th Cir. 1937). The Supreme Court has defined probation as "an individualized program offering a[n] . . . unhar-

---

1. Carson concedes that his sole authorities are logic and fairness. The real question, of course, is whether Congress intended the result Carson advocates. The parties offer, and we find, no illumination of Congress' intent in the legislative history of 18 U.S.C. § 3651 or elsewhere. We therefore treat Carson's contention as tendered, as a matter of logic and fairness. Deciding as we do that Carson's position does not make sense, we conclude that Congress could not have endorsed it.

2. 18 U.S.C. § 3651 states that the sentencing court may place the defendant on probation "upon such terms and conditions as the court deems best." The district court's discretion to design and impose probation conditions is broad. *See, e.g., United States v. Tonry*, 605 F.2d 144 (5th Cir. 1979).

dened offender an opportunity to rehabilitate himself without institutional confinement...." *Roberts v. United States*, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943). As one court, addressing restitution as a condition of probation, has put it:

> Restitution can aid an offender's rehabilitation by strengthening the individual's sense of responsibility. The probationer may learn to consider more carefully the consequences of his or her actions. One who successfully makes restitution should have a positive sense of having earned a fresh start and will have tangible evidence of his or her capacity to alter old behavior patterns and lead a law-abiding life. Conditioning probation on making restitution also protects the community's interest in having the victims of crime made whole.

*Huggett v. State*, 83 Wis.2d 790, 266 N.W.2d 403, 407 (1978) (*quoted with approval in* H.R.Rep.No.96–1396, 96th Cong., 2d Sess. 458 (1980), Report of the Committee on the Judiciary to accompany H.R. 6915, Criminal Code Revision Act of 1980).

We hold that neither FNB's failure to protect its rights in Carson's bankruptcy proceeding nor the consequent discharge of Carson's debt to the bank barred the district court from conditioning Carson's probation on restitution as it did. Therefore, we AFFIRM.[3]

---

**3.** We have also considered, and reject as meritless, Carson's separate claim that the district court erred in its supplemental charge in response to a question posed by the jury during its deliberations. The challenged portion of the charge was a correct statement of the law, *United States v. Johnson*, 585 F.2d 119 (5th Cir. 1978), and was a balanced instruction as required by *United States v. Meadows*, 598 F.2d 984, 990 (5th Cir. 1979).