**In re Khosrow KAVOOSI a/k/a David Kavoosi, Debtor(s).**

**Khosrow KAVOOSI a/k/a David Kavoosi, Plaintiff,**

v.

**Morgan Niles RUSSELL and Jerome L. Hall, Defendants.**

**Bankruptcy No. 84–02250–BKC–TCB. Adv. No. 85–0977–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 23, 1985.

Andrew M. Chansen, Boca Raton, Fla., for defendant Jerome L. Hall.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor seeks compensatory and punitive damages in an unspecified amount from a creditor and the creditor's attorney under the provisions of 11 U.S.C. § 362(h), which provides that:

> "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

The debtor has demanded a jury trial. The defendant creditor, though served, has not responded. The defendant attorney has moved (C.P. No. 12) for dismissal.

By an order of October 3 (C.P. No. 11) the issue of the defendants' liability was scheduled for trial before this court without a jury. Ruling was deferred as to whether a jury would be provided for the issue of damages. Ruling on the motion to dismiss was also deferred until trial. The matter was tried on October 15.

Most, though not all of the essential facts are matters of record and are not in dispute. The details of several telephone conversations between the debtor and the defendant attorney are disputed. There is nothing in this record which makes me certain one version is more accurate than the other. The debtor has the burden of proof and has not convinced me. For that reason, I accept the defendant attorney's version of those disputed conversations.

On October 3, 1984 the creditor obtained a judgment in the amount of $16,664 against the debtor. Seven weeks later on November 21, 1984 the debtor filed for bankruptcy, properly scheduling the judgment debt as an outstanding obligation.

At about the date of bankruptcy the creditor's attorney advised the State Attorney that he wanted to make his client available as a witness to a possible criminal

James K. Pedley, Fort Lauderdale, Fla., for plaintiff.

action. The State Attorney took the creditor's statement on December 6, 1984 in the presence of the latter's attorney. Some six weeks later, the State Attorney filed an Information charging the debtor with grand theft as to $11,664 of the sum which had been reduced to a civil judgment the preceding October. The Information was based upon the creditor's statement, a deposition taken in the civil proceeding, and some financial records all furnished by the defendants.

The creditor's motivation in volunteering assistance to the State Attorney was explained in a deposition he gave in March in the criminal case when questioned by the debtor's attorney (Exhibit 2, pp. 51–52). The creditor admitted that he wanted his money back and that was at least part though not all of his purpose. The attorney's obvious purpose was to assist his client. The attorney, who had been paid in full for his services, had no personal interest in pursuing the debt further.

The creditor did not seek exception for his claim from discharge in bankruptcy under § 523(a)(2), (4), or (6), and on April 2, 1985 the debtor received a discharge which was unopposed.

■ The debtor's statutory cause of action must be predicated upon a willful violation of the statutory stay imposed by § 362, and that stay expired with respect to action against the debtor or his property the day the discharge was granted. § 362(c)(2)(C). Thereafter, the *discharge* operates as an injunction against the collection of discharged debts; however, violation of that injunction would not support this action for damages. The subsequent events, therefore, are pertinent only to the extent that they may reveal the defendants' intention with respect to their actions before the date of discharge.

■ On May 1, 1985, in a plea conference before the criminal court, the State Attorney announced that he refused to negotiate a plea with the accused debtor because the creditor would not be satisfied with restitution of $11,664, the amount stolen from him by the debtor. The civil judgment had also included a count in the amount of $5,000 for a debt unconnected with any criminal activity. The creditor wanted restitution of that sum as well. The State Attorney recommended acceptance of a guilty plea upon the debtor's commitment to make restitution of the amount stolen and he asked the court to withhold adjudication and order probation for two years because this was a first offense. The recommendation was consistent with the court's practice and the guilty plea was given and received on that basis.

The court, advised of the bankruptcy discharge, acted only after being assured that the matter would still have been prosecuted by the State even if the debtor had already made restitution. The court was obviously sensitive to the precise abuse of criminal process which is the charge made here by the debtor. The court then insisted that the debtor waive any future excuse of inability to pay the amount which the debtor assured the court it could pay as restitution.

The debtor could have but did not interpose any objection on constitutional grounds to the condition of restitution. The debtor merely moved 10 days later to eliminate the condition of restitution. The record is silent as to the basis, if any, for that motion, which was denied and not pursued further by the debtor.

I find no willful violation by either defendant of the stay imposed by § 362. Although § 362(a)(6) stays after the date of bankruptcy:

"any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case",

§ 362(b) provides that the filing of the bankruptcy:

"does not operate as a stay (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor."

It is obvious that where a debt is the result of criminal activity, a criminal prosecution will require the active cooperation of the creditor, and the imposition of a sen-

tence after conviction must consider any restitution made by the accused. It is in the common interest that an honest debtor be permitted to discharge his debts and this court is granted exclusive jurisdiction to determine the dischargeability of a debt claimed to be dishonest. But, it is also in the common interest that thieves be prosecuted as a deterrent to such criminal activity and that a thief be encouraged to make his victim whole if he is able to do so. By § 362(b)(1) Congress has resolved the conflict between these two divergent objectives in favor of the criminal prosecution.

The specific exception provided by § 362(b)(1) would be rendered futile if it could be impeded or defeated by a thief's filing of bankruptcy and obtaining a discharge. It would also be emasculated if the thief could force his creditor to respond in damages whenever the creditor requested or assisted in the criminal prosecution. Without such activity by the creditor, no prosecution could begin or continue. I cannot, therefore, believe that such activity by a creditor constitutes a willful violation of the § 362(a) stay. In *Brennan v. Valley Towing Co., Inc.*, 515 F.2d 100, 110 (9th Cir.1975) the court said:

> "And while we are not unmindful of the general rule that exceptions to remedial statutes are to be construed narrowly, they should also be construed sensibly, and to give effect to statutory purposes."

In *Barnette v. Evans*, 673 F.2d 1250, 1251 (11th Cir.1982) the court dissolved a bankruptcy court injunction prohibiting a creditor and the prosecuting attorney from prosecuting a debtor who had written $37,-000 worth of bad checks to the creditor. The court said:

> "The basic error of the bankruptcy judge was to misjudge the width of his turf. The purpose of bankruptcy is to protect those in financial, not moral, difficulty. The bankruptcy courts were not created as a haven for criminals... *There is a public interest in every good faith criminal proceeding, especially on the presentment of a grand jury, which overrides any interest the bank-ruptcy court may have in protecting the financial interest of debtors.*

For instance, a former Fifth Circuit decision not available to the bankruptcy court at the time of the injunction held that a federal court may, as a condition of probation, require a criminal offender to make restitution to his victim for losses caused by the offense for which he was convicted, even though the debt occasioned by the offense has been discharged in bankruptcy. *United States v. Carson*, 669 F.2d 216 (5th Cir.1982). The Court held that neither the failure of the creditor to protect its rights in the bankruptcy proceeding nor the consequent discharge of the debt barred a criminal court from requiring restitution. *Id.* at 218. There being no contrary Eleventh Circuit law on this point, we adopt that case as precedent in this Circuit." (Emphasis supplied.)

If the criminal prosecution cannot be enjoined as a stay violation, how can a successful prosecution be a willful violation of the stay?

*Barnette* leaves open the questions whether, and, if so, under what circumstances a creditor's participation in a criminal proceeding can constitute a violation of the § 362 stay. I would not believe any creditor who stated he had no interest in collecting the debt owed him. I assume in this case and in virtually every case, the creditor's primary motivation in provoking and assisting a criminal prosecution of a debtor in bankruptcy is to recover some of his loss. For the reasons I have stated above, I am equally convinced that such conduct despite such motivation is not a violation of the § 362 stay.

It is difficult for me to imagine a case under § 362(a) that could be based upon the instigation or continuance of a successful criminal prosecution of the debtor. If there be such a case, I am satisfied that it is not present here.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.