**In re Leonard Eugene VOHS, Debtor.**

**Bankruptcy No. 285–00422.**

United States Bankruptcy Court,
D. Montana.

Feb. 26, 1986.

Thomas W. Frizzell, Missoula, Mont., for Mr. Vohs.

Michael Sol, Missoula, Mont., for Mr. Hakes.

Harold V. Dye, Missoula, Mont., Trustee.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 26th day of February, 1986.

In this Chapter 7 proceeding the Debtor has listed as a creditor the Holiday Shopping Center, based on a Judgment entered in a criminal cause in state court wherein Debtor was ordered to make restitution as part of the criminal sentence. On October 18, 1985, David A. Hakes in letter form, pro se, objected to the discharge of the debt.[1] Response to the Complaint was filed by the Debtor, which recites that the Hakes' claim was not the basis of any criminal charge upon which the Defendant was ultimately sentenced. At hearing on December 6, 1985, Hakes, through counsel, offered in support of his objections a copy of the Judgment entered in cause No. 6665, entitled "State of Montana, Plaintiff, vs. Leonard Vohs, Defendant". That Judgment ordered imposition of deferred sentence for 5 years and as a condition of probation states:

> "7. That the Defendant shall make restitution through the Clerk of District Court in the amount of Fourteen Thousand Three Hundred Ninety-Two and 05/100ths Dollars ($14,392.05). The restitution shall be made in compliance with the probation, not to exceed One Hundred Fifty-Two Dollars ($152.00) per month.
>
> IT IS FURTHER ORDERED that when restitution in this matter has been received by the Clerk of Court, it shall be disbursed according to the schedule attached hereto as Exhibit 'A', and by reference made a part hereof."

The state court further stated:

> "The reasons for this Judgment are as follows:

---

1. The letter here is treated as a Complaint, which is required under Rule 7001.

1. Defendant has no significant prior criminal record.
2. The main goal of the sentence is to obtain restitution for the victims involved.
3. The required reports and polygraph examination are necessary to monitor compliance with probation."

Exhibit 'A' includes among the $14,392.05 the Holiday Village Shopping Center in the sum of $1,491.00. The creditor does not seek to go behind the Judgment and prove the basis of its underlying debt. Thus its Complaint is not based upon Section 523(a)(2)(A) of the Code which covers nondischargeable debts created by false pretense, such as a nonsufficient fund check. Rather, as noted above, the creditor relies solely on the state court restitution order, and as a result, this matter is governed by Section 523(a)(7) of the Code, which presents three interrelated issues for determination.

Section 523(a)(7) provides a debt is excepted from discharge:

"(7) To the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuinary loss, other than a tax penalty —."

As is evident from a plain reading of the section, fines and penalties payable to a governmental unit, or for its benefit, are excepted from discharge. There is some diversity among the Bankruptcy Courts on the issue of dischargeability of restitution orders entered in criminal cases. *In Re Button*, 3 C.B.C.2d 736, 7 BCD 307 (Bankrtcy, W.D.N.Y., 1981); *In Re Johnson*, 32 B.R. 614 (Bankrtcy, D.Col., 1983); *In Re Magnifico*, 21 B.R. 800, 9 BCD 670 (Bankrtcy, D.Ariz, 1982); Contra: *In Re Brown*, 11 BCD 1048, 39 B.R. 820 (Bankrtcy, N.D.Tenn, 1984). From the cases, the general rule is stated in the case of *In Re Pellegrino*, 42 B.R. 129 (D.Conn., 1984) on two of the issues before this court:

"This court acknowledges that the Bankruptcy Code's definition of 'debt' contains no express exception for obligation arising out of state criminal proceedings. However, such an exception may be found in the long-standing tradition of restraint by federal courts from interference with traditional functions of state governments (citing cases). Bankruptcy laws are no exception, particularly where criminal proceedings are involved. See *Barnette v. Evans*, 673 F.2d 1250 (11th Cir., 1982); *In Re Wilson*, 30 B.R. 91 (Bankr.E.D.Tenn., 1983); *In Re Richardello*, 28 B.R. 344, 10 BCD 743 (Bankr.D. Mass, 1983). As the legislative history of Code Section 362(b)(1) states:

'The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy.'

House Report No. 595, 95th Cong. 1st Sess. 342, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6299. See also S.Rep. No. 989, 95th Cong.2nd Sess. 51, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5837.

\*      \*      \*      \*      \*      \*

In view of the foregoing, it is concluded that the state court's order that *Pellegrino* make restitution did not create a debt under the Bankruptcy Code. Accordingly, that obligation was unaffected by this court's August 26, 1983 discharge order." Id. at 134–135.

As to the second issue regarding the exception to discharge under Section 523(a)(7), the *Pellegrino* court stated:

"The plaintiffs contend that the 523(a)(7) exception to dischargeability does not apply here because the restitution order was established by the state court to provide 'compensation for actual pecuniary loss'. There is no merit to that contention.

\*      \*      \*      \*      \*      \*

As one of the eight specific statutory options available to the state court imposing a sentence of probation, restitution is intended to promote the rehabilitation of the offender, not to compensate

the victim. The rehabilitative nature of restitution, ordered as a condition of or (sic) probation, was recognized by the Fifth Circuit Court of Appeals in *United States v. Carson*, 669 F.2d 216 (5th Cir., 1982). After receiving a discharge in bankruptcy, *Carson* was committed under a federal law and ordered by the district court to make restitution to the defrauded bank. The defendant argued that because his debt to the bank has been discharged in bankruptcy, the district court abused its discretion by making restitution a condition of probation. The court rejected this argument and held a federal court may order restitution as a condition of probation even though the debt which resulted in the conviction was discharged in bankruptcy. In so holding, the court stated:

"If the principal aim of probation condition were to make the bank whole, this argument might have some appeal. In fact, though, while recompense to the victim is a usually laudable consequence of restitution, the focus of any probation regimen is on the offender. The order of probation is 'an authorized mode of mild and ambulatory punishment—intended as a reforming discipline.' *Korematsu v. United States*, 319 U.S. 432, 435, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497 (1943) quoting *Cooper v. United States*, 91 F.2d 195, 199 (5th Cir., 1937).

In support of their claim that restitution was ordered to provide 'compensation for actual pecuniary loss', the plaintiffs relied upon the fact that the restitution ordered was the precise amount of the victim's loss. The plaintiff's reliance is misplaced. The amount of restitution has no bearing on its purpose." Id. at 137.

The court then explained that since Connecticut law allowed the court to order restitution as a condition of probation, in an amount he can afford and in a suitable manner for the loss, the focus of restitution like other conditions of probation is upon the offender not the victim, and restitution is thus part of the criminal penalty rather than compensation for a victim's actual loss. Montana, likewise, by statute, provides for probation through deferred imposition of sentence and specifically allows the district court to consider 10 different terms or conditions of probation, one of which includes restitution. Sec. 46–18–201, MCA. Thus, if the state court judgment is focused on the rehabilitation of the defendant, the restitution order is non-dischargeable under Section 523(a)(7) even though the restitution is the equal to the same amount of the victim's debt.[2]

This, then, takes us to the third issue in this matter. That issue involves cases where a creditor or prosecuting attorney initiates a criminal action to collect an underlying debt. The criminal proceeding is in effect used as a means for collection of a civil debt. In such instances, the debt is dischargeable as being compensation for actual pecuniary loss under Section 523(a)(7). *In Re Alan I.W. Frank Corp.*, 19 B.R. 41 (Bankr.E.D.Pa., 1982); *In Re Strassmann*, 18 B.R. 346 (Bankr.E.D.Pa., 1982); *In Re Whitaker*, 16 B.R. 917 (Bankr.N.D.Tenn., 1982); *In Re Taylor*, 16 B.R. 323 (Bankr.D.Md., 1981). In each of these cases, the debtor sought injunctive relief from the Bankruptcy Court to enjoin pending criminal proceedings, in the context where the creditor initiated the criminal proceeding as a leverage to collect the debt created by a bogus check. Representative of the holdings of these cases is the following quote from *In Re Whitaker*, supra, at 932:

"When a criminal statute is used primarily to recover a dischargeable debt, the Bankruptcy Court may enjoin the criminal prosecution. *In Re Kaping*, Bankr.L.Rpts. CCH 68, 298 (Bankr.D.Or. 1981). See also *In Re Burke*, Bankr.

2. I specifically do not decide, nor is this decision intended to reach, any contention which could be made under a Chapter 13 wage earner plan that the portion of the debt not paid under that plan is dischargeable. Sec. 1328(a). See *In Re Slade*, 8 BCD 558 (BAP 9th Cir., 1981), which, while not involving a criminal sentence, involved a debt created by embezzlement.

L.Rpts. CCH 66, 368 (E.D.Tenn, 1976); *In Re Penny,* 414 F.Supp. 1113 (W.D. N.C., 1976); *In Re Lake,* 11 B.R. 202 (Bankr.Ct.S.D.Ohio, E.D.1981); *Reid v. Young,* 9 B.R. 830 (Bankr.M.D.Ala., 1981); *In Re Caldwell,* 5 B.R. 830, 740 (Bankr.W.D.Vir.1980); *In Re James,* 10 B.R. 2 (Bankr.W.D.N.C.1980); *Childs v. Castleberry,* 3 Bankr.Ct.Dec. 389 (B.J. E.D.Ark., 1977). The district attorney's offer 'to nolle the criminal case upon restitution and cost' indicates that the motivation of this prosecution was not punishment but the recovery of a discharged debt. In such a case, the issuance of an injunction is required in order to effectuate the judgment of the Bankruptcy Court. See *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1970). In enacting the discharge provisions of the Bankruptcy Code, Congress expressed its intention to provide complete relief for honest debtors. To allow the prosecution of the debtor herein would destroy the ability of this court to enforce this Congressional intent."

The only evidence presented by either party in the present case was the state court judgment of December 4, 1984. That judgment was entered after information was filed on May 14, 1984, charging the Debtor with two felony counts, one for Theft (Section 45–6–301 MCA) and the other for Issuing Bad Check (Section 45–6–316). There is no evidence in the record of the plea bargaining between the county attorney and the defendant, or what role the victims played in the ultimate sentence. It is noteworthy that as a condition of probation the court specifically prohibited the defendant from having a business checking account during the period of his deferred sentence and could have a personal checking account only on permission of the probation officer. That portion of the sentence which would bring this case within the rule set forth in *In Re Whitaker,* supra, is the court's statement that the main goal for the sentence was "to obtain restitution for the victims involved". Further, the clerk, upon receipt of the monthly payment, was to disburse the money to the victims, which include the objecting creditor in this case. The Judgment is devoid of any statement that the reason for the Judgment and probation is to rehabilitate the Debtor, although clearly the provision restricting his use of business or personal checking accounts is in the public interest. On balance, then, from the Judgment alone, wherein the court set forth the "main goal" for the sentence, "the principal aim of the probation condition" was to make the victims whole. *United States v. Carson,* supra. Such sentence brings this case within the rule that the criminal proceeding was in fact used to enforce the collection of a dischargeable debt. For this reason, the objections to discharge filed by the Holiday Shopping Center must be denied.

IT IS ORDERED the objections to discharge filed by Holiday Shopping Center are denied.