**In re LITTLE GIANT MOBILE HOMES, INC.**

**Bankruptcy No. 584–01642–S07.**

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

April 9, 1986.

Larry Butler, Shreveport, La., for debtor.

Thomas R. Willson, and Charles F. Wagner, Dist. Atty's Office, Parish of Rapides, La.

## MEMORANDUM AND ORDER

LeROY SMALLENBERGER, Bankruptcy Judge.

On August 20, 1986, a hearing was held by the Court on a permanent injunction to prevent the Rapides Parish District Attorney's (D.A.'s) Office from further criminal action against Carl Warren, President, and sole shareholder of the above-captioned closely held corporation, under La R.S. 14:72 (the worthless check statute). Although served, no one from the D.A.'s office was present in Court and after hearing the evidence of the plaintiff, judgment was entered and signed by the Court on September 3, 1985. After a request by the D.A.'s office, however, on September 17, 1985, the Court granted a rehearing and after further evidence and argument of counsel took the matter under advisement.

■ This issue before the Court is when, or if, under our federal system this Bankruptcy Court can enjoin a state criminal prosecution. Our analysis of the case law forces us to reject the debtors "principal motivation" argument. The Court believes that the State Court proceeding or the parties involved in that proceeding can only be enjoined when the dictates of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) are followed.

We first note that the principal motivation test has come under attack in recent years. See *In re First Texas Petroleum, Inc.*, 52 B.R. 322 (Bkrtcy N.D.Texas 1985). The principal motivation test recognized that when the principal motivation is neither punishment, nor a sense of public duty, but rather an attempt to obtain payment, the frustration of the full effectiveness of federal bankruptcy law renders such state legislation invalid by the supremacy clause of the Federal Constitution *In re Taylor*, 16 B.R. 323 (Bkrtcy D.Md. 1981), *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

Although this Court has available section 105 of the Bankruptcy Code, *Younger*, recognized that federal law:

stressed the importance of showing irreparable injury, the traditional prerequisite to obtaining an injunction. In addition, however, the Court also made clear that in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient, unless it is "both great and immediate." Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution could not by themselves be considered "irreparable" in the special legal sense of the term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution. 401 U.S. at 42, 91 S.Ct. at 749.

Thus, section 105 can not be used to broaden, beyond the dictates of our federal system the power of this Court. The Court rejects the principal motivation tests for two reasons. First, the Court believes that such an analysis is overly broad and ignores the requirement that this Court examine the question of whether there is an immediate and irreparable harm to federally protected rights. *Younger*, supra 401 U.S. at 46, 91 S.Ct. at 751. Second, our analysis of recent case law leads us to the conclusion that the principal motivation test is a dead issue in the Fifth Circuit. *First Texas Petroleum, Inc.*, supra. *United States v. Carson*, 669 F.2d 216 (5th Cir.1982) (holding that a federal court may, as a condition of probation, require a criminal offender to make restitution to his victim for losses caused by the offense even though the debt occasioned by the offense has been discharged in bankruptcy). Indeed, *Carson* rejects the idea that the debtor has some federally protected right of bankruptcy that needs to be protected.

Thus, the Court will examine the facts of this case based upon the *Younger* doctrine and the heavy burden placed on the party seeking the injunction. *Munson v. Gilliam*, 543 F.2d 48 (8th Cir.1976).

The debtor in this case is a corporation which filed for protection under Chapter 7, on November 29, 1984. All creditors, including Monroe Truck Stop were notified.

During the first week of August, 1985, a warrant was issued by the D.A.'s office against Mr. Warren. The warrant was issued and the sheriff attempted to arrest Mr. Warren at Little Giant's place of business, which is located in his home. Thus, the sheriff attempted to arrest the president of the corporation for writing a check in the amount of $130.00 that was returned for insufficient funds. The debtor testified that he had no contact with Monroe Truck Stop and there is no evidence that he was threatened in any way.

The Court first notes that it is settled that simply being forced to defend oneself in a criminal action has never constituted the irreparable and immediate harm contemplated by *Younger*. *Watson v. Buck*, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416 (1941). In the instant case, Mr. Warren has not shown that the complaint itself was meritless or was the result of the D.A.'s efforts to harass. Most importantly, Mr. Warren has not claimed that he would be precluded from asserting any rights as defenses in the State Court proceeding. As *Younger* indicated, "a basic doctrine of equity jurisprudence is that Courts of equity should not act ... when the moving party has an adequate remedy at law." 401 U.S. at 42, 91 S.Ct. at 749. Thus, we believe that Mr. Warren will be given every opportunity to defend himself in State Court.[1] *Porter v. Gaston*, 462 F.Supp. 370 (E.D.Arkansas, 1978). Therefore, because we cannot conclude that the pending prosecution was brought to harass, nor that Mr. Warren will not have an opportunity for a fair hearing on this matter in State Court, such prosecution should not have been enjoined and our injunction of August 3, 1985 is recalled and rescinded; additionally, our Order concerning damages and attorneys' fees is also recalled and rescinded.

IT IS SO ORDERED.

---

1. Although not discussed by either side, the Court notes that Mr. Warren, as solely the president of the debtor-corporation, may have no standing to seek an injunction in this Court.