In re Thomas **NASHAWATY**, Debtor.

Thomas **NASHAWATY**, Plaintiff,

v.

**COMMONWEALTH OF MASSACHUSETTS,**
Defendant.

Bankruptcy No. 90–11534–JNG.

Adv. No. 90–1189–JNG.

United States Bankruptcy Court,
D. Massachusetts.

Sept. 28, 1990.

Nancy McCarty Wasserman, Hanover, Mass., for plaintiff.

Neal R. Steingold, Asst. Atty. Gen., Com. of Mass., Boston, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Chief Judge.

### I. Facts

The above-captioned adversary proceeding was commenced on June 4, 1990. Two motions relative to the adversary proceeding are now before the Court: the Commonwealth's motion to dismiss, which the Court will treat as a motion for summary judgment, and the Debtor's motion for summary judgment. Both motions were heard on July 25, 1990.

Prior to the commencement of this bankruptcy case on March 30, 1990, Thomas Nashawaty ("Nashawaty" or the "Debtor") was an officer of Marshfield Concrete Form Corp., a corporation that is now dissolved. In January of 1990, the Commonwealth of Massachusetts, through its Department of Employment and Training, applied to the Boston Municipal Court for a criminal complaint. The Commonwealth charged Nashawaty, who was the treasurer of Marshfield Concrete Form Corp., with failure to pay statutorily imposed employee contributions for eight quarters beginning in January of 1984 and ending in March of 1986 in the sum of $14,777.82 plus interest, pursuant to Mass.Gen.Laws Ann. ch. 151A, § 47 (West 1982 & Supp.1990). Section 47 provides in relevant part:

> Any employing unit, or any officer or agent of an employing unit, who fails or refuses to pay any such benefit, contribution, payment in lieu of contribution or interest charge ... shall be punished by a fine of not less than one hundred nor more than one thousand dollars, or by imprisonment for not more than six months or both; and each such failure or refusal to pay ... shall constitute a separate and distinct offense.
>
> \*   \*   \*   \*   \*   \*
>
> If such employing unit is a corporation or the employer of such officer or agent is a corporation, the president, secretary and the treasurer, or officers exercising corresponding functions, shall each be subject to the aforesaid penalties for any violation of any provision of this section, of which they, respectively, had knowledge, or, in the proper exercise of their duties ought to have had knowledge.
>
> \*   \*   \*   \*   \*   \*
>
> Any person found guilty of violating any provision of this chapter, in addition to any other punishment, may be ordered to make restitution to the division of employment security in an amount not to exceed the amount specified in the com-

plaint of the Commonwealth plus any interest or penalties which have accrued under this chapter since filing of the complaint. . . .

Mass.Gen.Laws Ann. ch. 151A, § 47 (West 1982 & Supp.1990).

In February of 1990, the Boston Municipal Court issued a criminal complaint. The criminal matter was pending when Nashawaty filed his Chapter 7 petition.

Through his complaint, Nashawaty seeks to enjoin the criminal prosecution. The Debtor alleges: 1) that a co-defendant in the criminal matter paid $7,000 to the Commonwealth, thereby reducing the amount owed pursuant to the criminal complaint to $7,777.82; 2) that the contributions required under chapter 151A are not "withholding" taxes; 3) that the taxes upon which the criminal complaint is based are over three years old and are, therefore, dischargeable pursuant to 11 U.S.C. § 727; and 4) that the Commonwealth "is attempting to collect under the guise of restitution via criminal complaint taxes alleged due and owing ... that are dischargeable."

## II. Discussion

Section 727 of the Bankruptcy Code provides that the Court shall grant an individual debtor a discharge from all debts that arose before the date of the order for relief, except as provided in section 523. 11 U.S.C. § 727. Section 523, in pertinent part, provides that a discharge under section 727 does not discharge an individual debtor from 1) any debt for a tax of a kind specified in section 507(a)(7), whether or not a claim for such tax was filed or allowed, 11 U.S.C. § 523(a)(1)(A), or 2) a debt that is for:

a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty-

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. § 523(a)(7).

Section 507(a)(7)(D) grants a seventh priority to:

an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(7)(D). Based upon this legislative scheme, the Debtor argues that the taxes that are the subject of the criminal complaint are dischargeable because they are over three years old. Assuming without deciding that the Debtor is correct, the issue of whether or not the Commonwealth should be enjoined from seeking criminal penalties with respect to dischargeable debts still remains open.[1]

Section 362(b) of the Bankruptcy Code provides that the filing of a petition does not operate as a stay "of the commencement or continuation of a criminal action or proceeding against the debtor...." 11 U.S.C. § 362(b)(1). As the Supreme Court noted in *Pennsylvania Department of Public Welfare v. Davenport,* ─── U.S. ───, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), "[s]ection 362(b)(1) does not ... explicitly exempt governmental efforts to collect restitution obligations from a debtor." *Id.* at ───, 110 S.Ct. at 2132. Nevertheless, the court stated:

It is not an irrational or inconsistent policy choice to permit prosecution of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13. Congress could well have concluded that maintaining criminal prosecutions during bank-

---

**1.** It would appear to the Court that but for Mass.Gen.Laws Ann. ch. 151A, the Debtor, as opposed to Marshfield Concrete Form Corp., would not be personally liable for the nonpayment of employment taxes by the corporation.

ruptcy proceedings is essential to the functioning of government but that, in the context of Chapter 13, a debtor's interest in full and complete release of his obligations outweighs society's interest in collecting or enforcing a restitution obligation outside the agreement reached in the Chapter 13 plan.

*Id.* at ——, 110 S.Ct. at 2132. Thus, the Court held that restitution obligations are debts within the meaning of 11 U.S.C. § 101(11) of the Bankruptcy Code, and those debts are dischargeable under Chapter 13.

The Supreme Court in *Davenport* was careful to reaffirm its decision in *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), in which it held that all penal sanctions including restitution obligations imposed upon a criminal defendant as a condition to probation in a state criminal proceeding were not subject to discharge in Chapter 7 proceedings. The Court recognized the policy decision that permits the dischargeability of debts in Chapter 13 that are not dischargeable in Chapter 7. It stated: "[a]mong those exceptions that Congress chose *not* to extend to Chapter 13 proceedings is § 523(a)(7)'s exceptions for debts arising 'from a fine, penalty, or forfeiture.'" *Id.* *See* 11 U.S.C. § 523(a)(7).

Thus, the issue in this case appears to be whether or not the Commonwealth can be enjoined from proceeding with its criminal complaint even if the obligation underlying the complaint is dischargeable. Neither *Kelly* nor *Davenport,* the two cases relied upon by the Commonwealth, directly answer that question, although they provide guidance. However, *United States v. Carson,* 669 F.2d 216 (5th Cir.1982), and *United States v. Alexander,* 743 F.2d 472 (7th Cir.1984), hold that a discharge of a debt in bankruptcy does not prevent the imposition of a restitution order upon the debtor's subsequent conviction of a crime involving that debt. *See also In re Davis,* 691 F.2d 176 (3rd Cir.1982), and *Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982) (Bankruptcy courts cannot enjoin criminal prosecution that might result in a restitution order). *Cf. Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), (A federal court should not enjoin a pending state criminal prosecution except under extraordinary circumstances where there is great and irreparable harm to federally protected rights.).

In view of the fact that restitution orders are not dischargeable in Chapter 7 pursuant to section 523(a)(7), *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), that the automatic stay does not apply to criminal proceedings, that the state statute permits the imposition of a fine or jail sentence, as well as a restitution order, and in view of this case law cited, the Court hereby denies the plaintiff's motion for summary judgment and allows the Commonwealth's motion to dismiss.