OPINION OF THE COURT
Geoffrey O’Connell, J.
Defendant, by his attorney, applies for an order dismissing the accusatory instrument pursuant to CPL 170.30 (1) (f). He is accused of a fraud involving a security interest (Penal Law *888 § 185.05), a very rare misdemeanor. He contends that there exists a legal impediment to the prosecution of this case arising out of his filing a petition in bankruptcy.
FACTUAL SETTING
In May of 1990, the defendant’s corporation, Hewlett Broadway Restaurant Corporation, purchased a restaurant business. The seller retained ownership of the premises in which the restaurant business was located, took back a series of notes and perfected a security interest in the restaurant equipment and fixtures to secure defendant’s indebtedness. Despite a remodeling of the premises, the restaurant business failed. In March of 1992, the seller-landlord commenced a summary proceeding to recover possession of the premises. Defendant’s corporation sought protection from its creditor by filing a petition in bankruptcy under chapter 11 (11 USC) on April 3, 1991. The proceeding was ultimately converted to a dissolution under chapter 7. The District Court information sworn to by the seller-landlord’s president (and dated July 21, 1991) alleges that on June 2, 1991, the defendant and others did remove from the premises certain restaurant equipment which was subject to the security interest. Ultimately the seller-landlord recovered possession of the premises and, according to defendant, now operates its own restaurant there.
Defendant alleges that the seller-landlord’s claims with respect to the property subject to the security interest were made in the bankruptcy proceeding. The voluntary disclosure includes an affidavit from defendant submitted in the bankruptcy proceeding in which he admits removing property from the premises, but asserts that the items removed were personal property taken in anticipation of the seller-landlord recovering possession of the premises. Defendant alleges that the trustee in bankruptcy scheduled a hearing with respect to the seller-landlord’s claims. However, the seller-landlord failed to appear at the hearing and filed no objection to the defendant’s discharge.
APPLICABLE LAW
Defendant claims that the automatic stay provisions of the Bankruptcy Code (11 USC § 362) and his discharge in bankruptcy preclude this prosecution. He contends that the complainant and the seller-landlord corporation of which he is *889 president, are pursuing this criminal prosecution in order to enforce a debt discharged in bankruptcy.
Defendant relies upon In re Robinson (776 F2d 30). There Ms. Robinson wrongfully obtained $9,932.95 in public assistance from the State of Connecticut while receiving Social Security benefits. She was convicted of a criminal offense and sentenced to five years of probation. A condition of the probation was the payment restitution through the Connecticut Office of Adult Probation (COAP) for the benefit of the Connecticut Department of Income Maintenance (CDIM). After making some payments, Ms. Robinson filed a petition in bankruptcy. Although notified of the proceeding, COAP and CDIM failed to file claims or object to Ms. Robinson’s discharge. Several years later COAP attempted to enforce the restitution order. Ms. Robinson brought a declaratory judgment action seeking a determination that the obligation had been discharged.
The Second Circuit Court of Appeals noted that a majority of cases which had addressed this issue, culminating in In re Pellegrino (42 Bankr 129), had held that a criminal restitution obligation was not dischargeable in bankruptcy. It found, however, that the lone exception to this line of cases, In re Brown (39 Bankr 820), more accurately applied the governing provisions of the Bankruptcy Code. Specifically, the Second Circuit held: "that any right to the payment of restitution is a claim within the meaning of the code; and that if any person or entity has a right to receive a payment of restitution from the bankruptcy debtor, the obligor has a debt within the meaning of the Code.” (776 F2d, at 36.) The consequence of these holdings was the conclusion that the obligation to make restitution arising from a criminal prosecution was a debt dischargeable in bankruptcy. Because COAP and CDIM had failed to file claims or object to Ms. Robinson’s discharge, her restitution obligation was held to have been discharged.
Defendant argues that the failure of the complainant and the seller-landlord to appear at the hearing ordered by the trustee and their failure to object to his discharge preclude the prosecution of this case in which the prosecution is seeking restitution. Defendant, however, ignores a crucial portion of the In re Robinson decision (supra). In that portion, the Second Circuit distinguished four decisions from other Circuit Courts of Appeal. "Nor do In re Davis, 691 F.2d 176 (3d Cir. 1982), or Barnette v. Evans, 673 F.2d 1250 (11th Cir. 1982), support the proposition that criminal restitution obligations *890 are not debts. Each involved a debtor in a pending bankruptcy proceeding who had not yet had a restitution obligation imposed on him in a pending criminal case. In each, the appellate court simply ruled that the bankruptcy court could not enjoin the state criminal prosecution that might result in a restitution order. In a similar vein, United States v. Carson, 669 F.2d 216 (5th Cir. 1982), and United States v. Alexander, 743 F.2d 472 (7th Cir. 1984), held that the discharge of a debt in bankruptcy did not prevent the district court from imposing a restitution obligation upon the debtor’s subsequent conviction of a crime involving that debt. The latter four decisions merely reflect (1) the courts’ analytical distinction between the obligation that arose upon the occurrence of the event and the obligation that would arise upon entry of a criminal restitution order, and (2) the requirement of § 727 (b) of the Code that the obligation sought to be discharged as a debt — there the criminal restitution obligation — must have been in existence at the time of the bankruptcy”. (In re Robinson, 776 F2d 30, 36-37, supra.) Here no restitution order as yet exists. Indeed, there has been no conviction. While defendant’s arguments may have some relevance on the issue of whether restitution should be ordered should there be a conviction, they do not establish the existence of any legal impediment to this prosecution.
Defendant also argues that this prosecution is barred by the principles of res judicata and collateral estoppel. He contends that the failure of the complainant and the seller-landlord to litigate these claims in the bankruptcy court constitutes a waiver and a bar to this prosecution. It suffices to note that no jeopardy could attach in the bankruptcy proceeding and that there is no identity of parties in the two actions. Thus, there can be neither a double jeopardy nor a collateral estoppel claim. (See, People v Goodman, 69 NY2d 32.)
The motion to dismiss is denied.