616 So.2d 571 (1993)
Charles BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-258.
District Court of Appeal of Florida, Fifth District.
April 2, 1993.
James B. Gibson, Public Defender and Sophia B. Ehringer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Appellant, Charles Baker ("Baker"), was charged with four counts of grand theft and four counts of engaging in business without an occupational license. Upon the charges being filed, Baker filed a petition for Chapter 7 bankruptcy and listed three of the victims of his grand theft as creditors having unsecured claims. These victims did not file an objection to the discharge and Baker's debts, including those amounts owed to the victims of his grand theft, were discharged in bankruptcy.
Subsequently, Baker pled guilty to the grand theft counts with the remaining charges nol prossed. The trial court withheld adjudication, placed Baker on five years' probation, and ordered him to pay restitution to the victims in the amount of $6,823.00, to be paid at a rate of 18% of his net pay per pay period. Baker objected, claiming that the court lacked authority to order restitution for amounts previously discharged in bankruptcy. We agree with the trial judge and affirm.[1]
Baker cites the United States Supreme Court case of Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), for the proposition that restitution obligations are dischargeable "debts" within the meaning of 11 U.S.C. Section 101(11) (1990). Even so, there are two problems in applying Davenport to this case. First, as the Supreme Court itself recognized in Johnson v. Home State Bank, ___ U.S. ___, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), Congress overruled the result in Davenport by passing *572 the Criminal Victims Protection Act of 1990, Pub.L. 101-581, section 3, 104 Stat. 2865, wherein it expressly withdrew the Bankruptcy Court's power to discharge restitution orders under 11 U.S.C. section 1328(a). Second, Davenport dealt with discharge of debts pursuant to bankruptcy under Chapter 13, not Chapter 7, as in the instant case. This distinction is significant because, as the Davenport court expressly recognized, filing under Chapter 13 secures a broader discharge of debtors than filing under Chapter 7. Davenport, 495 U.S. at 552-53, 110 S.Ct. at 2128. Davenport simply is not applicable to the facts of this case.
We rely, instead, on Kelly v. Robinson, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). In Kelly, the defendant pled guilty to a larceny charge based on wrongful receipt of welfare benefits. She received five years' probation with a condition that she make monthly restitution payments to the Probation Department who would then forward the funds to the "victim" (the State Welfare Department). Shortly after receiving this sentence, the defendant filed a Chapter 7 bankruptcy petition and listed her restitution obligation as a debt. Neither the Probation Department nor the Welfare Department objected to the discharge of this debt, despite the fact that both received notice of the bankruptcy filing. The Bankruptcy Court subsequently discharged the restitution "debt."
The Supreme Court began its analysis of this issue with the following statement:
[F]ederal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States. This Court has emphasized repeatedly "the fundamental policy against federal interference with state criminal prosecutions." Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971).... This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief. See Younger v. Harris, supra, 401 U.S., at 44-45, 91 S.Ct., at 750-751. This reflection of our federalism also must influence our interpretation of the Bankruptcy Code in this case.
Kelly, 479 U.S. at 47-49, 107 S.Ct. at 360-61. The Court held that criminal restitution obligations were not dischargeable in Chapter 7 bankruptcy proceedings. This holding was based on the court's interpretation of Section 523(a)(7) of the Bankruptcy Code, which protects from discharge any debt
to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.
The Court acknowledged that application of this "exception" was limited to funds payable "to and for the benefit of a governmental unit," and not as "compensation for actual pecuniary loss." Kelly, 479 U.S. at 51, 107 S.Ct. at 362. This created a problem in the restitution context because restitution is sent to the victim and may be computed based on the amount of harm the offender has caused. Nevertheless, the Court emphasized that restitution, while admittedly resembling a judgment for the benefit of the victim, primarily focuses on "the penal goals of the State and the situation of the defendant." Kelly, 479 U.S. at 52, 107 S.Ct. at 362. Moreover, the victim has no control over the amount of restitution or even the decision to order same. The Court ultimately held:
Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place *573 restitution orders within the meaning of Section 523(a)(7).
Kelly, 479 U.S. at 53, 107 S.Ct. at 362-63.
While Kelly would seem to settle the question presented on appeal, Baker maintains that the instant case is distinguishable for two reasons. First, Baker places great weight on the fact that the restitution order in Kelly preceded the discharge in bankruptcy whereas in the instant case Baker filed for bankruptcy and had the debts owed to the victims discharged prior to ever being ordered to pay restitution. Therefore, the trial court had no authority to "revive" (via restitution) debts already discharged in bankruptcy.
While the Kelly facts do differ in this regard, the Fifth Circuit faced a similar situation in United States v. Carson, 669 F.2d 216 (5th Cir.1982), and held that a court may order a defendant to make restitution to his victim for losses caused by the offense for which he was convicted, even when the debt arising from the offense has been previously discharged in bankruptcy. Carson at 216. The Carson court correctly noted that the effect of a discharge in bankruptcy is to extinguish the victim's right to maintain an action for repayment of the debt. But the ability of a sentencing court to impose restitution of that debt as a condition of probation is wholly unaffected by a prior discharge. The Carson holding was expressly adopted as precedent in the Eleventh Circuit in Barnette v. Evans, 673 F.2d 1250 (11th Cir.1982).
Equally unpersuasive is Baker's second argument that the holding in Kelly was based on the fact that the restitution was to be paid to the State, not to the victims directly. A careful reading of Kelly reveals that the Court recognized that the entire criminal justice system (including the restitution process) operates not for the benefit of the victims "but for the benefit of society as a whole." Moreover, the court expressly stated that, because criminal proceedings focus on "the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Kelly, 479 U.S. at 53, 107 S.Ct. at 362-63 (emphasis added).
Finally, Baker makes much of the fact that the victims in the instant case failed to object to the discharge of these debts in bankruptcy. The Carson court addressed this issue and held that a victim's failure to protect its rights in a bankruptcy proceeding does not bar a criminal court from subsequently ordering the defendant to make restitution of that debt.
AFFIRM.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] We do this after reading the entire record, even State v. Larrinaga, 569 So.2d 911 (Fla. 5th DCA 1990), referred to in the record by defense trial counsel. We reluctantly conclude, however, that Larrinaga has no application to this matter.