99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jose V. FELIX, Plaintiff-Appellant,
v.
GOYA FOODS, INC., Defendant-Appellee.
 No. 95-7519.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Jose V. Felix, pro se
 Appearing for Appellee: Ira B. Matetsky, Skadden, Arps, Slate, Meagher & Flom, New York, New York
 S.D.N.Y.
 AFFIRMED.
 Before OAKES, WINTER and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Jose Felix appeals from Judge Griesa's dismissal of Felix's in forma pauperis complaint as frivolous pursuant to 42 U.S.C. § 1915(d). We note that it appears that Felix has failed to appear for sentencing on a New Jersey criminal conviction after pleading guilty to a theft from Goya. Felix's appeal asks us to reverse the dismissal of a complaint that alleges that Goya improperly initiated those very charges. It is highly unlikely that we would entertain such a claim for a fugitive from justice. See generally United States v. Forty-five Thousand Nine Hundred Forty Dollars, 739 F.2d 792, 796-97 (2d Cir.1984).
 
 
 4
 In any event, the district court's decision to dismiss was entirely proper. Reading the complaint liberally, as we must, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we agree with the district court that the complaint must be construed as alleging a violation of 28 U.S.C. § 1983. Such a claim may not be brought against Goya, a purely private actor, see District of Columbia v. Carter, 409 U.S. 418, 424 (1973), without alleging some governmental involvement.
 
 
 5
 Felix's complaint also alleges that Goya's criminal complaint against him was "in contravention of the United States bankruptcy law." Felix defines this claim with more specificity on appeal, arguing that Goya's initiation of criminal proceedings against him violates 11 U.S.C. § 362(a)(1), which stays the "commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." Felix also contends that because he is a discharged bankrupt, Goya's conduct violated 11 U.S.C. § 524(a), which states, inter alia, that a discharge in bankruptcy (1) "voids any judgment ... to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged ...," and (2) "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset from any such debt as a personal liability of the debtor...." We find no merit in either claim. The bankruptcy code provides a statutory exception to Section 362(a)'s automatic stay for "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. 362(b)(1). Felix's allegation that Goya's criminal complaint flouted the automatic stay is therefore frivolous. With respect to Felix's suggestion that Goya's criminal complaint was impermissible pursuit of a discharged bankrupt, we merely point out that there was no attempt to force Felix "to make good his debt qua debt," United States v. Carson, 669 F.2d 216, 217 (5th Cir. Unit B 1982). Because a criminal prosecution is not an attempt to "collect, recover or offset any [discharged] debt as a personal liability of the debtor," 11 U.S.C. § 524(a)(2), Felix's claim for violation of that section is frivolous.
 
 
 6
 We therefore affirm.