[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-12254**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2005
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-61246-CV-WPD & 03-32158 BKC-PG

JAMES F. WALKER,

Debtor.

_____

JAMES F. WALKER,

Plaintiff-Appellant,

versus

MARY ALICE GWYNN, ESQ.,

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(December 1, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

James F. Walker appeals the decision of the district court, which affirmed the denial by the bankruptcy court of Walker's motion for a finding of contempt and sanctions against Mary Alice Gwynn for violation of the automatic stay in Walker's bankruptcy proceedings. Because the record and case law support the denial of the motion, the bankruptcy court did not abuse its discretion. We affirm.

## BACKGROUND

On November 14, 1989, Eleanor C. Cole obtained, in a civil action in a Florida court, a final judgment against Walker for over three hundred thousand dollars. In October 1990, Walker was arrested and charged by the state of Florida with several counts of grand theft regarding the debt owed to Cole that was the subject of the civil action. Walker served eighteen months of imprisonment and was ordered to make restitution to Cole. On April 25, 2003, Walker filed a voluntary Chapter 7 Bankruptcy Petition, and on May 30, Cole filed a Proof of Claim in the bankruptcy proceeding.

The Florida court in Walker's criminal action held three hearings regarding Wallker's alleged violations of his probation. The second hearing involved Walker's failure to make restitution to Cole, who was represented by Gwynn. At that hearing, Gwynn made numerous comments to the judge and objected to some

2

of the arguments made by Walker's criminal counsel. After the final hearing, Walker was incarcerated for violating the terms of his probation.

Walker moved the bankruptcy court to hold Gwynn in contempt and enter sanctions against her. Walker argued that Gwynn's comments in the criminal proceeding were misleading, untrue, and made with the intent of gaining an unfair advantage for Cole over Walker's other creditors, in violation of the automatic stay of the bankruptcy proceedings. 11 U.S.C. § 362(a). The bankruptcy court found that Walker failed to establish that Gwynn had violated the automatic stay. The court concluded that a criminal restitution hearing is exempt from the automatic stay and civil counsel for a creditor does not violate the automatic stay by assisting the prosecution at the restitution hearing. The district court affirmed the bankruptcy court.

## STANDARD OF REVIEW

We review the denial of a motion for contempt and sanctions for abuse of discretion. Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1546 (11th Cir. 1996); Beck v. Prupis, 162 F.3d 1090, 1100 (11th Cir. 1998). The denial of a motion for contempt is given less deference than in other contexts when the motion is for an alleged violation of the automatic stay. Jove Eng'g, Inc., 92 F.3d at 1546. We are more likely to reverse the trial court if we disagree with its decision regarding an

automatic stay than we would be in another context. Id. 92 F.3d at 1546 n.5.

## DISCUSSION

The Bankruptcy Code excepts criminal proceedings from the automatic stay imposed when a debtor files for bankruptcy. 11 U.S.C. § 362(b)(1). A restitution hearing in a criminal proceeding is covered under this exception. See Bryan v. Rainwater, 254 B.R. 273, 278 (N.D. Ala. 2000). The enforcement of a criminal judgment against a debtor in a restitution hearing does not violate the automatic stay, and a creditor does not violate the automatic stay by assisting the state in enforcing the criminal judgment, even though the creditor's primary motivation is to collect on the debt. See In re Kavoosi, 55 B.R. 120, 122-23 (Bankr. S.D. Fla. 1985). A criminal prosecution for theft often requires the assistance of the creditor, and this assistance does not violate the automatic stay. Id. at 123.

Although Walker concedes that a creditor may assist the state in prosecuting a debtor, Walker argues that Gwynn went beyond assisting the prosecution and intentionally violated the automatic stay. Walker argues that Gwynn made numerous erroneous statements, provided substantial unsworn testimony, objected to arguments by Walker's criminal counsel, and assumed the role of the prosecutor. Walker contends that the bankruptcy court was obliged to hold Gwynn in contempt. We disagree.

4

The bankruptcy court did not abuse its discretion in denying Walker's motion. The bankruptcy court found that Gwynn's actions, while aggressive and probably motivated by a desire to collect the debt owed her client, were not directed towards the satisfaction of a civil judgment or to gain an unfair advantage over Walker's other creditors. The record supports the finding of the bankruptcy court that Gwynn properly assisted the state in carrying out its duties in the restitution hearing.

Walker's citation to denials by Gwynn and Kathryn Heavens, the assistant state attorney prosecuting the restitution hearings, that Gwynn was assisting the prosecution do not lead this Court to the conclusion that the bankruptcy court abused its discretion. Although both Gwynn and Heavens stated that Gwynn did not provide assistance to the prosecutor at the restitution hearing, these statements can be interpreted to relate to Gwynn assisting Heavens in an official capacity. The district court, in its decision affirming the bankruptcy court, reasonably concluded that Gwynn assisted the prosecution in an unofficial capacity.

## CONCLUSION

Because the record supports the determination that Gwynn assisted the prosecution and did not violate the automatic stay, the bankruptcy court did not abuse its discretion in denying Walker's motion for contempt and sanctions.

5

**AFFIRMED**.