935 P.2d 201

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Janet HAMILTON, Defendant–Appellant.**

No. 21158.

Court of Appeals of Idaho.

Jan. 14, 1997.

Rehearing Denied Feb. 26, 1997.

E. Scott Paul, Twin Falls, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Janet Hamilton appeals from the judgment of conviction and sentence of ten years, with a minimum period of confinement of three years, which was imposed after a jury found her guilty of embezzlement and forgery. I.C. Sections 18–2403(2)(b), 18–2407(1)(b). Hamilton argues that because of a lack of substantial competent evidence, the jury verdict should be reversed. She contends that there was error in the jury instructions

which denied her a fair trial. Hamilton also challenges the length of her sentence and the validity of the court-ordered restitution, arguing that the debt occasioned by the offenses was the subject of a settlement agreement approved by the court in Hamilton's bankruptcy. For the reasons set forth below, we affirm the judgment of conviction and sentence and the order of restitution as modified herein.

## I.

### FACTS AND PROCEDURAL BACKGROUND

A grand jury indicted Janet Hamilton on seven counts of grand theft by embezzlement, one count of grand theft by unauthorized control and one count of forgery. The charged criminal conduct related to the misappropriation of funds from Thomas Hormel, while Hamilton was in his employ as an accountant and financial planner. Hamilton entered a plea of not guilty on all counts. Before trial, the state amended the indictment, dismissing two counts of grand theft due to statute of limitation problems.

At trial, a jury convicted Hamilton of one count of embezzlement regarding funds which had been applied to the purchase of lots three and four in Silverwood Subdivision and one count of forgery relating to check no. 2364 in the amount of $72,902.17. Hamilton filed a posttrial motion for new trial or for acquittal, which was denied. The district court thereafter entered a judgment of conviction and sentenced Hamilton to a unified ten years, with a minimum fixed term of confinement of three years. Upon the request of the state, the district court took the matter of restitution under advisement and ultimately entered an order of restitution, based only on the counts on which Hamilton was convicted, in the sum of $162,000. Hamilton appealed from the judgment of conviction and sentence and from the restitution order.

## II.

### DISCUSSION

#### A. Jury Instructions

■ Hamilton claims that she was denied a fair trial guaranteed under the United

States Constitution and Article 1, Section 7 of the Idaho Constitution. She asserts error in the district court's instructions to the jury on the elements of embezzlement as set forth in the indictment instruction (Instruction B) which stated that the monies appropriated by Hamilton went to purchase "lot 3 and/or lot 4." By the use of the "and/or" wording, Hamilton claims that the instruction failed to address the requirement that the jury unanimously find, beyond a reasonable doubt, that Hamilton applied the monies either to purchase lot three, lot four or both. Hamilton contends that the instruction as given allowed the jury to find guilt even if there was disagreement among the members of the jury as to which lot had been purchased with the funds.

The instruction challenged by Hamilton reads, in pertinent part, as follows:

### INSTRUCTION B

You are instructed that by Indictment the State of Idaho has charged the defendant, JANET HAMILTON, with the crimes of GRAND THEFT BY EMBEZZLEMENT.... The defendant has previously entered a plea of not guilty to these charges. To find the defendant guilty of one or more of the charge(s), each of the elements in the charge involved must be proven beyond a reasonable doubt. Otherwise, the defendant must be found not guilty of that charge.

. . . .

#### COUNT TWO

1. That the defendant, Janet Hamilton,

2. on or between July 1, 1989, and July, 1990,

3. in the County of Blaine, State of Idaho,

4. did, with fraudulent intent, appropriate to herself,

5. funds exceeding $150.00,

6. belonging to the owner of such property, Thomas Hormel,

7. and applied those funds toward the purchase of Lots 3 and/or 4 of the Silverwood Subdivision,

8. during a time when the defendant was an employee of Thomas Hormel and entrusted with the safekeeping of such funds.

The district court also gave an instruction defining grand theft by embezzlement as follows:

The crime of Grand Theft by Embezzlement occurs when a person lawfully received the possession of property, which may consist of money in excess of a value of $150.00 or a check in an amount in excess of $150.00 of another upon any trust, express or implied, and, after receiving the property, with fraudulent intent appropriates the property to his own use.

In addition, the district court gave separate instructions defining "fraudulent intent" and "appropriate," as well as an instruction pointing out that a defense to embezzlement is proven when the owner of the funds is shown to have given express or implied authority to make the transfer which is the subject of the offense. Instruction 16 specifically apprised the jury that its verdict must be unanimous.

■ The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993).

The elements of the crime of embezzlement as given in the instructions are drawn from the theft statutes under which Hamilton was charged, I.C. Sections 18–2403, –2407, and correctly state the law. *See State v. Carpenter,* 92 Idaho 12, 18, 435 P.2d 789, 795 (1967). We conclude that the district court fully instructed the jury on the elements which the state had to prove in order for the jury to make a unanimous finding of guilt. We find no error in the instructions provided so as to support Hamilton's claim that her due process rights were denied.

**B. Post-trial Motion**

■ In her post-trial motion, Hamilton requested that the district court grant an acquittal or a new trial, pursuant to I.C.R. 29 and I.C.R. 34 respectively, on the asserted basis that the jury's verdict was not supported by substantial evidence and was contrary to law. Hamilton argued below that the evidence did not show any fraudulent intent on Hamilton's part regarding the purchase of the Silverwood lots or the negotiation of check no. 2364, the transactions on which the jury found Hamilton guilty.

On appeal, Hamilton contends that the district court's denial of relief on the post-trial motion was in error, however, only as to the forgery count. Hamilton argues to this Court the evidence which supports her position that she had a legal right to the entire check, subject only to Hormel's right of contribution for fifty percent. She asserts therefore that her conviction for forgery cannot be sustained.

■ Hamilton's motion for acquittal or for new trial challenges the sufficiency of the state's evidence. In making our review of the sufficiency of the evidence, the appellate court is required to give full consideration to the right of the jury to determine the credibility of witnesses, the weight to be afforded evidence, as well as the right to draw all justifiable inferences from the evidence before them. *State v. Erwin,* 98 Idaho 736, 740, 572 P.2d 170, 174 (1977). In reviewing the denial of a motion for judgment of acquittal, we must independently consider the evidence in the record and determine whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Kopsa,* 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct.App.1994); *State v. Printz,* 115 Idaho 566, 567, 768 P.2d 829, 830 (Ct.App.1989). The standard of review for denial of a new trial based on insufficiency of the evidence is also one of substantial evidence.

[W]e will not set aside the judgment of conviction if there is substantial evidence upon which any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt. *State v. Olson,* 119 Idaho 370, 372, 806 P.2d 963, 965 (Ct.App.1991).

The district court found that check no. 2364 represented loan proceeds remaining from the purchase of the Columbine properties and that Hamilton admitted signing Hormel's name on the back of the check. The district court also found that Hormel testified that he had never given Hamilton permission to endorse his name on the check, nor did the powers of attorney executed by Hormel include the Columbine properties. With these findings, we must agree.

There is evidence in the record that Hamilton was given authority to conduct business on Hormel's behalf, including but not limited to accounting duties, tax preparation, communications with business associates, and the purchase and development of real estate. Hormel testified that he and Hamilton were involved equally in the Columbine properties, but that he was unaware of the refund check or the circumstances of its negotiation and subsequent deposit into Hamilton's account. Hormel denied on numerous occasions that he had ever authorized Hamilton to sign his name on any documents. Hamilton testified that she was a signatory on several of Hormel's accounts. Regarding the Columbine properties, Hamilton claimed to have discussed with Hormel that there would be a refund check from the escrow. She testified that she asked Hormel if she could apply the check to the remodel, that she had informed him that the check would be in both their names and that she would have to sign his name because he would be out of town when the check was received. The verdict reflects that the jury rejected Hamilton's testimony. Based on our examination, we conclude that the record is sufficient to sustain the jury's verdict on the forgery charge. Hence, we conclude that the district court's denial of a new trial or acquittal was not error.

## C. Order on Restitution

Hamilton contests the district court's order requiring her to pay restitution in the amount of $162,000. Hamilton argues that the restitution order is improper in light of her settlement with Hormel which was approved in her bankruptcy. In that settlement, Hormel acquired Hamilton's interest in Silverwood lots three and four, plus other real and personal property, and agreed to dismiss the civil action he had filed to recover damages for Hamilton's misconduct in her capacity as his accountant and financial assistant. Hamilton disputes the district court's authority to impose an order on restitution which she alleges would result in punitive and legally unjustifiable double recovery for Hormel.

■ Under I.C. Section 19–5304(2), the district court is authorized to order restitution for any economic loss which the victim actually suffers. The decision whether to require restitution is within the trial court's sound discretion. *State v. Aubert,* 119 Idaho 868, 811 P.2d 44 (Ct.App.1991). The exercise of discretion must encompass consideration of the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and other factors deemed appropriate by the court. *State v. Bybee,* 115 Idaho 541, 768 P.2d 804 (Ct.App.1989); I.C. Section 19–5304(7).

■ The initial question before us is whether the restitution order is barred by the approved settlement agreement in the adversary proceedings brought by Hormel and the subsequent discharge in Hamilton's bankruptcy. In *United States v. Carson,* 669 F.2d 216 (5th Cir.1982), the court held that a district judge may require an offender, as a condition of probation, to make restitution to the victim for losses caused by the offense for which the defendant was convicted when the debt occasioned by the offense had been discharged in bankruptcy. Citing *Huggett v. State,* 83 Wis.2d 790, 266 N.W.2d 403, 407 (1978), the *Carson* court explained that conditioning probation on making restitution protects the community's interest in having the victims of crime made whole. *Carson,* 669 F.2d at 218.

■ Restitution orders operate for the benefit of the state, not just for compensation of the victim, *State v. West,* 173 Ariz. 602, 845 P.2d 1097, 1103 (App.1992), despite the fact

that restitution is forwarded to the victim and may be calculated by reference to the amount of harm the offender has caused. *Id., citing Kelly v. Robinson,* 479 U.S. 36, 49 n. 10, 107 S.Ct. 353, 360–61 n. 10, 93 L.Ed.2d 216 (1986). Rather than creating debt, a restitution order is part of a criminal judgment by the state that is not affected by a prior bankruptcy. *West,* 845 P.2d at 1104. *See State v. Eyre,* 39 Wash.App. 141, 692 P.2d 853, 855 (1984) (Because the restitution imposed constitutes punishment and rehabilitation rather than forced payment of a discharged debt, the bankruptcy does not affect the punishment imposed.). The discharge of a debt by bankruptcy does not prevent the district court from imposing a restitution obligation upon the debtor's subsequent conviction for a crime involving that debt. *United States v. Alexander,* 743 F.2d 472, 480 (7th Cir.1984); *Carson,* 669 F.2d at 217.

■ Outside of the bankruptcy context, a civil settlement of the victim's claim against a defendant does not bar a restitution order for the same loss. *State v. Iniguez,* 169 Ariz. 533, 821 P.2d 194, 197 (App.1991). In the court's words:

> Because restitution also promotes the rehabilitative purpose of the criminal law, and because civil damage payments may not be fully compensatory, the court is not automatically foreclosed from ordering some restitution simply because the victim has received some compensation as a result of a civil action.

*Id.* Thus, we regard the imposition of the restitution order following the discharge in bankruptcy as an appropriate facet of the criminal sentence in Hamilton's case.

■ To uphold the order of restitution, however, we must be satisfied that the district court acted within the bounds of its discretion in ordering restitution not as the result of arbitrary action but through the logical application of proper factors found in subsection (7) of I.C. Section 19–5304. *Bybee,* 115 Idaho at 543, 768 P.2d at 806. Here, the district court correctly rejected Hamilton's argument that no legal basis existed for

further restitution payments to Hormel. The district court then reasoned that restitution should be limited to the losses suffered as a result of the two crimes for which Hamilton was convicted. *See West,* 845 P.2d at 1105.

Before fixing the amount of restitution to be paid by Hamilton, the district court heard testimony regarding Hamilton's earning capacity, financial resources and ability to pay restitution. The state contended that the amount that Hamilton unlawfully obtained through the crimes for which she was convicted was $132,851.90 in the Silverwood deal and $72,092.19 on the forgery count. These amounts, however, did not take into account the compensation that Hormel had already received through the bankruptcy settlement and compromise reached by Hormel and Hamilton. Information presented by the state as part of the presentence investigation, as prepared by Hormel's independent counsel, revealed losses incurred by Hormel for which he was not compensated in the bankruptcy settlement. Those losses totaled $30,099, which amount was attributable $11,311 to the Silverwood lots and $18,788 to the Columbine properties. Hamilton offered no evidence to rebut these figures.

■ The determination of the amount of restitution is a question of fact for the trial court, whose findings will not be disturbed if supported by substantial evidence. *Bybee,* 115 Idaho at 544, 768 P.2d at 807. It is clear from the record that the district court accepted the $162,000 figure advanced by Hamilton.[1] The evidence offered by the state, however, only supports an amount of $30,999 representing the uncompensated loss to Hormel. We hold, therefore, that the award of restitution was not an abuse of the district court's discretion. However, we modify the amount of restitution to $30,099 to conform with the proof before the district court of sums for which Hormel had not been compensated through the settlement agreement in Hamilton's bankruptcy proceeding.

---

1. However, Hamilton was asserting this figure as the full amount of her ill-gotten gains, not as the balance remaining after Hormel received reme- dial transfers of Hamilton's assets through the bankruptcy proceeding.

**944**

### D. Excessive Sentence

■ Hamilton maintains that her sentence of ten years, with a minimum term of confinement of three years, was an abuse of the district court's sentencing discretion. She asserts that in light of the facts contained in the record, her sentence exceeds what is required to protect society and achieve any or all of the objectives of sentencing.

■ When a sentence is challenged, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young,* 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonable in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation, and retribution. *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993).

In its sentencing remarks, the district court considered in mitigation Hamilton's upbringing in an emotionally and physically abusive home. The district court concluded, based on the expert testimony, that Hamilton suffered from a personality disorder resembling an addiction, which prevented her from acknowledging the wrong she had committed. The district court, however, noted that Hamilton had previously been involved in similar crimes. The district court reviewed the objectives of sentencing and determined that a term of incarceration was necessary, specifically in order to protect society and to deter others. We conclude that the district court acted within its discretion in imposing a sentence of ten years' incarceration, with a minimum term of three years, for the crimes of embezzlement and forgery.

### III.

### CONCLUSION

Hamilton received a fair trial, which was not tainted by due process violations. There

was sufficient, competent evidence to support the jury's verdict and to withstand Hamilton's alternative motion for new trial or acquittal. Hamilton has failed to establish that the district court abused its discretion in imposing sentence or in ordering that restitution be paid. However, we modify the amount of the restitution to $30,099 to conform with the evidence. In all other respects, we affirm the judgment of conviction and sentence.

WALTERS, C.J., and LANSING, J., concur.