**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45060**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 469** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 23, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **KELLY ANNE BOWMAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order to pay restitution as condition of probation, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant. Lara E. Anderson, argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer, argued.

_____

HUSKEY, Judge

Kelly Anne Bowman appeals from the district court's order of restitution. She argues the district court abused its discretion by: (1) awarding U.S. Bank $5,000.00 in restitution because it was not a victim as defined by Idaho Code § 19-5304(1)(e) and did not sustain any economic loss under I.C. § 19-5304(1)(a); and (2) ordering the $5,000.00 restitution sum without substantial evidence. The district court's order of restitution is vacated and the case remanded.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After a jury trial, Bowman was convicted of grand theft by unauthorized control or transfers in violation of I.C. §§ 18-2403(3), 18-2407(1)(b)(1)(3). At Bowman's trial, the evidence centered on Bowman's unauthorized use of her mother's debit card, checking account, and personal information, which Bowman used to make purchases and payments, conduct ATM

1

withdrawals, deposit money, and open payday loans in her mother's name. The district court imposed a unified sentence of three years, with one year determinate, and a $2,000.00 fine. It also placed Bowman on probation for four years. Following sentencing, the district court held four different hearings to resolve the matter of restitution. The State requested the district court order Bowman to pay her mother $5,903.36, a figure the State asserted was based on Bowman's unauthorized purchases identified in a trial exhibit.

At the first restitution hearing, the State requested a continuance; Bowman did not object. To more quickly resolve the matter of restitution at the second hearing, the district court asked the State to explain what evidence it was prepared to offer. The State explained it was prepared to offer a police report. Bowman objected, arguing the police report was impermissible hearsay for a restitution hearing. The district court overruled the objection and admitted the police report into evidence. Although the police report showed losses in the amount of either $3,437.96 or $5,792.30, the State amended its restitution request to $5,000.00 in an attempt to resolve any objection Bowman might have to the $5,903.36 figure. However, Bowman argued only $546.00 in restitution was due. The State added it would be helpful for the district court to have the original trial exhibit of Bowman's mother's bank records (otherwise known as Exhibit 1B) to consider, which reported losses in amounts ranging from $1,572.30 to $7,066.36, depending on which charges were considered losses and whether deposits into the account were credited against the losses. Defense counsel informed the district court that Bowman's mother was now deceased. The district court then continued the hearing.

At the second restitution hearing, the district court began by reviewing the evidence discussed in the first restitution hearing, stating that it was "appropriate, if not mandatory" to take judicial notice of the bank records and affirming that the police report submitted at the first hearing had been admitted. Before offering evidence to the district court, Bowman objected to the State's $5,000.00 restitution figure, calling it an arbitrary number. Defense counsel then called Bowman to the stand for testimony, during which defense counsel attempted to introduce Exhibit A. The State, after an extended voir dire in aid of objection, argued against Exhibit A's admission because it was not true and accurate. The district court agreed and sustained the objection. The district court refused to admit Exhibit A. Bowman then asked for another continuance, which the district court granted.

2

At the third restitution hearing, defense counsel offered an email from Bowman's sister which defense counsel received just before the third restitution hearing began. Bowman requested a continuance based on the new information contained in the email. After the district court confirmed the prosecutor had a chance to see the email, the district court asked the prosecutor if he had an objection to the admission of the email. The prosecutor replied, "No." Bowman then forwarded the email from Bowman's sister to the district court; the district court took a brief recess to read the email. After the recess, the district court heard argument about the need for a continuance. During argument, the State objected to the continuance and submitted an amended memorandum of restitution which changed the victim from Bowman's mother to U.S. Bank. Bowman did not object to the State's motion to substitute U.S. Bank as the victim. Bowman argued only that sufficient evidence had not been presented to justify the award of $5,000.00 to U.S. Bank and that a figure of $908.06 would be more accurate. The State then noted it did not object to the district court reading the sister's email because it had no reason to doubt its veracity. The district court granted the continuance.

At the fourth restitution hearing, Bowman offered no evidence, and the district court heard argument from both parties. In issuing its decision, the district court explained it had reviewed its trial notes and had reviewed Bowman's proposed Exhibit A. The district court explained:

> It is clear to me that there is more than $5,000 in restitution that's due from Ms. Bowman to the victim in this case, and I think the victim in this case has changed now as a legal matter to U.S. Bank, and I specifically make that finding, and if the State wants to limit the requested restitution to $5,000 to take care of any ambiguity, then the State's certainly free to do that, and I think that's an admirable position to take, but it is clear to me from looking at [the bank records] and the testimony of Ms. Bowman, especially regarding the--the testimony regarding Defense Exhibit A, the trial testimony, testimony of Neil Uhrig, [Bowman's mother] and others, that at a minimum $5,000 is the appropriate amount of restitution.

Afterwards, the district court entered an order requiring Bowman to pay the bank $5,000.00 in restitution. Bowman appeals from the district court's order of restitution to this Court.

3

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012).

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a

statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

## III.

## ANALYSIS

First, Bowman argues the district court abused its discretion by awarding the bank $5,000.00 in restitution because it was not a victim under I.C. § 19-5304(1)(e), nor did it sustain any economic loss under I.C. § 19-5304(1)(a). However, Bowman did not object to the State's motion to substitute the bank as a victim, therefore, we decline to address this issue on appeal.[1] Second, Bowman argues the district court abused its discretion because the $5,000.00 restitution sum is not supported by substantial evidence. Specifically, Bowman contends the district court impermissibly based the sum on the State's offer instead of the evidence admitted and considered at the restitution hearing.

The proceedings below show that the district court abused its discretion in awarding $5,000.00 to U.S. Bank. In determining that $5,000.00 was an appropriate sum, the district court relied upon the police report and the bank statements, both properly admitted exhibits. However, the district court also relied upon Bowman's proposed Exhibit A, which the district court had expressly refused to admit, and Bowman's sister's email, which the district court never admitted.

---

[1] However, since we order the case remanded, we provide the following analysis for clarification on remand. Before a restitution award can be made, a district court must answer a threshold question: Has the State named a victim that falls under Idaho Code § 19-5304(1)(e)? For a third-party victim, the statute requires the State to show the third-party victim's losses were the result of the performance of a contractual obligation with the directly injured victim. I.C. § 19-5304(1)(e)(iv). To do so, the State must provide substantial evidence of such to the district court. *See State v. Cheeney*, 144 Idaho 294, 160 P.3d 451 (Ct. App. 2007).

We also note that during the restitution hearing and at oral argument, the State explained it was no longer seeking restitution on behalf of Bowman's mother's estate. Therefore, the only possible victim in this case is U.S. Bank. Upon remand, the district court must determine, based on admitted evidence, whether U.S. Bank falls within the purview of  I.C. § 19-5304(1)(e)(iv) and, if so, what amount of restitution is owed.

5

Doing so was an abuse of discretion, just as a trial court's admission and consideration of inadmissible evidence would be. *See State v. Watkins*, 148 Idaho 418, 427, 224 P.3d 485, 494 (2009) (concluding a district court abused its discretion by admitting inadmissible hearsay).

Moreover, even if all of the evidence were properly admitted, it does not mathematically support a sum of $5,000.00. To the extent the district court chose to rely on the State's offer of $5,000.00 instead of the properly admitted evidence before it, it again abused its discretion. On remand, the district court is instructed to base its award of restitution only upon properly admitted evidence.

## IV.

## CONCLUSION

The district court abused its discretion when it concluded--by relying on evidence that had not been admitted, and therefore without substantial evidence--that $5,000.00 was an appropriate figure be paid to U.S. Bank. The district court's order of restitution is vacated and the case remanded for purposes consistent with the opinion.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.