# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45748

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 3, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| QUENTELL HENRI HICKS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order of restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Quentell Henri Hicks appeals from the district court's order requiring Hicks to pay $9,650 to the Crime Victim Compensation Program (CVCP). Hicks argues that the district court abused its discretion by failing to "adequately consider" the victim's employment history in calculating her lost wages and Hicks' testimony regarding the cause of the victim's lost wages. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hicks entered an *Alford*[1] plea to felony domestic violence. The State had alleged that Hicks willfully and unlawfully used force and/or violence upon the victim by hitting her. The district court imposed a unified term of ten years, with a minimum period of confinement of five years, but retained jurisdiction. At the time of sentencing, the district court left restitution open for determination at a later date. The State subsequently sought restitution in the amount of $9,650 to be paid to the CVCP for lost wages it paid on the victim's behalf. Following a hearing, the district court ordered the requested restitution. Hicks appeals.

# II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ___, 429 P.2d 149, 158 (2018).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## III.

## ANALYSIS

Hicks argues that the district court abused its discretion in awarding restitution in the amount of $9,650[2] because the district court did not "adequately consider" the victim's lack of employment history and the reasons Hicks believed the victim missed work. The State responds that the award is supported by the evidence presented at the restitution hearing and that Hicks cites no authority for the proposition that a victim's employment history is relevant to awarding lost wages. We hold that Hicks has failed to meet his burden of showing error in the district court's restitution decision.

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013). To meet the requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *Lombard*, 149 Idaho at 822, 242 P.3d at 192.

At the restitution hearing, the State presented testimony from a financial recovery officer at the CVCP who explained that the CVCP gathers information from the victim about the crime and requests law enforcement reports and other information to substantiate information received from the victim. Upon receipt of all of this information, the CVCP determines the victim's eligibility to participate in the program and receive benefits. Based upon the information in support of the victim's request, the CVCP pays a maximum of $175 or two-thirds of the average weekly wage for the time period the victim missed work. The financial recovery officer testified

---

[2]    Hicks contends the "proper amount of restitution that should have been awarded to CVCP was $550," which reflects the amount of money CVCP paid for lost wages for the first twenty-five days following the battery.

that the CVCP requested information from the victim's employer and corroborated her crime-related disability from work with her treating health care provider for the requested period of time. The CVCP recovery officer verified that a licensed psychologist diagnosed the victim with post-traumatic stress disorder (PTSD) resulting from Hicks' criminal conduct. Based on the information it received, the CVCP determined that the victim was eligible for a weekly payment of $175 for four periods of time: October 7-14, 2015 ($200); October 16, 2015 ($25); October 20 to November 1, 2015 ($325); and November 3, 2015, to October 31, 2016 ($9,100). The State's evidence was admitted without objection.

Hicks does not dispute that lost wages are compensable as restitution or that the CVCP qualifies as a victim for purposes of awarding restitution. *See* I.C. §§ 19-5304(1)(a), 19-5304(1)(e)(iii). Rather, Hicks argues that the restitution award was an abuse of discretion because it did not account for the victim's lack of employment history or Hicks' testimony that the diagnosis that affected the victim's ability to work was the result of the victim's relationship with her ex-husband and not due to Hicks' criminal conduct. Hicks' arguments are based on his testimony at the restitution hearing that the victim does not have an employment history and does not want to work and that her PTSD was caused by her divorce.

Hicks cites no authority for the proposition that the determination of lost wages in a restitution case requires evidence of employment history, nor is such a requirement articulated in the plain language of the statute. *See* I.C. § 19-5304. Thus, we decline to consider Hicks' assertion that the district court abused its discretion in awarding restitution by failing to "adequately consider" the victim's lack of employment. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Hicks' argument that the district court failed to "adequately consider" the source of the victim's PTSD also does not identify any relevant legal principle that would support a conclusion that the district court abused its discretion. Indeed, it is unclear which prong of the three-part abuse of discretion framework Hicks believes the district court failed to satisfy as required under *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). To the extent Hicks contends the district court did not reach its decision by an exercise of reason, neither the evidence nor the law support this assertion. The district court's restitution decision was based on

4

substantial evidence and the district court was free to reject Hicks' personal opinion regarding the cause of the victim's PTSD, particularly when Hicks conceded that a portion of the requested restitution could be properly awarded. Hicks has failed to show the district court abused its discretion in awarding $9,650 in restitution to the CVCP for lost wages paid on the victim's behalf.

## IV.

## CONCLUSION

We hold that substantial evidence supported the district court's decision to award restitution, as well as the amount awarded. As a result, the district court's order of restitution is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.