**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46908**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: September 16, 2020** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| CRYSTAL ANNE MAY, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood and Hon. Patrick J. Miller, District Judges.

Judgment of conviction and sentence of eight years with one year determinate for grand theft, <u>affirmed</u>; order for restitution, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Crystal Anne May appeals from her judgment of conviction and sentence for grand theft and also from the district court's order for restitution. We affirm May's sentence, but we vacate the court's order for restitution and remand this case for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged May with two counts of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), 18-2409, for stealing and using her grandmother's credit cards. May pled guilty to one count and, in exchange, the State agreed to dismiss the second count. At the sentencing hearing in February 2019, the court imposed a sentence of eight years with one year determinate.

1

Additionally, during the sentencing hearing, the State requested $1,880.18 in restitution. May's counsel stated that "the request lines up, except--I think I am missing the documentation as to about $300 of it." As a result, May requested additional time to object to the State's request, and the court held open the issue of restitution until March 26. The court stated, however, that "if no objection to the restitution is filed and request for hearing by that date, the restitution will be ordered as requested."

Thereafter, on March 25, May filed an objection to the State's restitution motion "for the amount of $1,629.42" and requested a hearing on the matter. In response, the State filed a written motion for restitution under I.C. § 19-5304. The motion requested restitution for three different banks in the amounts of $853.20 for Citibank, $836.91 for State Farm Bank, and $190.07 for Idaho Central Credit Union (ICCU), for a total restitution amount of $1,880.18. Although the State's motion expressly stated the motion was "based upon the attached documentation," the parties agree no documents were attached to the motion. Regardless, on May 24, the court entered an order for restitution in the full amount requested of $1,880.18 without either having a hearing on the matter or providing findings of fact in support of the order. May timely appeals the district court's order for restitution and her sentence.

## II.

## ANALYSIS

### A.    Order of Restitution

On appeal, May challenges the district court's order for restitution. Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted

2

consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010).

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

On appeal, May argues the record "does not contain substantial evidence supporting the State's request for restitution," noting the State did not provide any documentation to support its motion for restitution. Acknowledging this absence of evidence, the State partially concedes that this Court "should remand the issue of restitution as to Citibank and ICCU." The State, however, asserts that "the record supports the district court's award of $836.91 in restitution to State Farm Bank." The State premises this argument on (1) a letter from State Farm Bank to May's grandmother stating her account has been credited in the amount of $836.91 in response to her report of a fraudulent transaction and (2) a State Farm Bank credit card statement showing seven different transactions totaling $836.91. Both of these documents were included in the presentence materials, but the State did not present them at the sentencing hearing in support of its oral restitution request or attach them to its post-sentencing motion for restitution.

Although these documents tend to support the State's request on behalf of State Farm Bank for restitution in the amount of $836.91, we decline to address the State's argument that they constitute substantial evidence to support the court's order in this regard for several reasons. First, it appears the district court may have simply been unaware of May's March 25 objection and her request for a hearing. Shortly after May filed her objection, the sentencing judge retired and a newly appointed judge thereafter entered the restitution order, perhaps without knowledge of May's objection. Second, May's positions on the State's request have been inconsistent. At

the sentencing hearing, May appears to concede the evidence supports all but $300 in requested restitution. In her written objection, however, May objects to the State's restitution motion "for the amount of $1,629.42"--which amount is different than the State's total request and does not appear to be a concession that any specific amount requested is correct. Third, because the State concedes this case must be remanded for further proceedings on restitution, we conclude the better course of proceeding is to allow the State and May an opportunity to be heard and present evidence and to allow the district court to consider that evidence and make factual findings regarding the State's entire request for restitution.

**B.      Sentence**

On appeal, May also challenges her sentence as excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The district court imposed a sentence of eight years with one year determinate. May asserts this sentence does not meet the objectives of criminal punishment. Specifically, she argues that her sentence is "not necessary to protect society," is "not necessary to deter" her or others, will "decrease . . . the likelihood of her rehabilitation," and "is not justified by the objective of retribution."

Based on our independent review of the record, we cannot say the district court abused its discretion. During the sentencing hearing, the court addressed each of the sentencing objectives

May challenges. The court noted retribution was appropriate stating, "I think there should be some element of punishment to your sentence, and I intend to do that for what you did to your grandmother." Further, the court noted May's likelihood of rehabilitation was questionable, stating May's "history on supervised release is sort of abysmal," including "seven parole violations," a previous dismissal from a rehabilitation program, and failures to accept opportunities for substance abuse treatment. The court also noted deterrence was appropriate commenting that "while it's not the biggest theft in the world, it is certainly a massive betrayal of trust." Finally, although May argues her sentence is not necessary to protect society, she conceded during the sentencing hearing that her conduct "put the community at risk." Accordingly, the court properly considered the sentencing objectives of protecting society and of achieving punishment, deterrence, and rehabilitation. *See Toohill*, 103 Idaho at 568, 650 P.2d at 710 (identifying sentencing objectives).

## III.

## CONCLUSION

We hold that the district court did not abuse its discretion when sentencing May. We vacate the court's order of restitution, however, and remand this case for consideration of the State's restitution request and May's objection to that request.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

5